UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM O BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>M.S. EVANS, Warden, et al.<br><br>    Defendants. | Case No. 20-cv-07152-JST<br><br>**ORDER TO SHOW CAUSE RE: CONTEMPLATED DISMISSAL** |

Plaintiff, an inmate at Deuel Vocational Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983[1] against Warden Evans and Monterey Superior Court. The Court orders Plaintiff to show cause, within **twenty-eight (28) days** of the date of this order, why his request to proceed *in forma pauperis* should not be denied.

I. **BACKGROUND**

    A. **Complaint**

The complaint makes the following factual allegations.

On August 8, 2007, Plaintiff was deemed a vexatious litigant by the California courts. Plaintiff was therefore subject to a prefiling order which prohibited him from filing any new litigation in the state courts without first obtaining leave of court. *See* Cal. Civ. Proc. § 391.7. Plaintiff has attempted to obtain leave of court to file lawsuits setting forth legitimate claims, but

---

[1] Plaintiff raised his claims in both a petition for a writ of habeas corpus and a 42 U.S.C. § 1983, and filed both at the same time. He stated that he did not know whether a habeas corpus action or a civil rights action was the right vehicle for his claims, and requested that the Court make the determination. ECF No. 1 at 7. Because Plaintiff specified that he was not contesting or raising any issue concerning his conviction or sentence, ECF No. 1 at 1 and 10, the Court docketed his complaint as a 42 U.S.C. § 1983 action. *See Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (§ 1983 action is exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).

his requests have been denied without reason. ECF No. 21 at 21.

In 2017 and 2019, plaintiff filed applications pursuant to Cal. Code Civ. Proc. § 391.8 seeking to vacate the prefiling order and remove his name from the Judicial Council's list of vexatious litigants. ECF No. 1 at 19. Plaintiff's requests were denied. Plaintiff appealed this denial to the California Court of Appeals, Sixth District. Plaintiff filed an opening brief, but the respondent did not file an opposing brief. Despite Plaintiff's appeal being unopposed, the state appellate court also denied Plaintiff's application. The California Supreme Court also issued a one-word denial of Plaintiff's application. The denials of his applications demonstrate that the state courts are biased against him, and that he has effectively been permanently barred from filing in state court.

The complaint alleges that his First Amendment right to petition and seek redress of grievances has been denied by the state courts' refusal to remove his name from the Judicial Council's list of vexatious litigants. ECF No. 1 at 21-22.

### B. Plaintiff's Other Actions

This is not the first time that Plaintiff has challenged his vexatious litigant status.

In *Brown v. Monterey Cty. Sup. Ct.*, Plaintiff challenged his vexatious litigant status in a habeas corpus petition. *See Brown v. Monterey Cty. Sup. Ct.*, Case No. 16-cv-3944 DMR (N.D. Cal.) ("*Brown I*"). *Brown I* was dismissed for lack of federal habeas jurisdiction because Plaintiff's claims would not hasten his release from custody. *See Brown I*, ECF No. 12 (Order of Dismissal and Denying Certificate of Appealability) (N.D. Cal. Oct. 24, 2016).

In *Brown v. Monterey Sup. Ct.*, Plaintiff again filed a habeas petition seeking an order directing the Monterey Superior Court to remove him from its vexatious litigant list. *See Brown v. Monterey Sup. Ct.*, Case No. 18-cv-00638 (N.D. Cal.) ("*Brown II*"). The Court also found that this petition lacked federal habeas jurisdiction.[2] The Court ordered Plaintiff to show cause why *Brown II* should not be dismissed under 28 U.S.C. § 1915(g) because he had at least three actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim

---

[2] The Court construed *Brown II* as a writ of mandate. *Brown II*, ECF No. 10 (Order to Show Cause Re: Contemplated Dismissal) (Jun. 26, 2018).

upon which relief may be granted. The Court identified the qualifying cases as: (1) *Brown v. Mule Creek State Prison*, et al., No. C 03-02365-GEB-GGH (E.D. Cal. June 13, 2005) (civil rights action dismissed for failure to state a claim); (2) *Brown v. Cal. Dep't. of Corr., et al.*, No. 05-cv-2067-CW (PR) (N.D. Cal. Jan. 25, 2006) (civil rights action dismissed for failure to state a claim); (3) *Brown v. Salinas Valley State Prison*, No. C 05-2776 CW (PR) (N.D. Cal. Jan. 25, 2006) (civil rights action dismissed for failure to state a claim); and (4) *Brown v. Lee*, No. 14-cv-4696 PJH (PR) (N.D. Cal. Dec. 8, 2014) (civil rights action dismissed for failure to state a claim). *Brown II*, ECF No. 10 (Order to Show Cause Re: Contemplated Dismissal) (Jun. 26, 2018). Plaintiff did not respond to the Order to Show Cause and the Court denied plaintiff leave to proceed *in forma pauperis* and dismissed *Brown II* for failure to pay the filing fee. *Brown II*, ECF No. 11 (Order of Dismissal) (Aug. 23, 2018).

## II. ANALYSIS

Before screening the complaint, the Court must first determine whether plaintiff may proceed *in forma pauperis* or must pay the filing fee to proceed with this action.

### A. Legal Standard

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit gives this guidance: The phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and is applied by the courts in the same manner. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citation omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted).

"Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.* at 1121. A district court is not required to announce in an order that its dismissal constitutes a strike under Section 1915(g) for that dismissal to later count as a strike. *See id.*, 398 F.3d at 1119 n.8.

In determining whether a prior dismissal counts as a strike, the Court "should look to the substance of the dismissed lawsuit, and not to how the district court labelled or styled the dismissal." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019) (internal quotations marks and citation omitted). To be counted as a strike, a case must be dismissed in its entirety as frivolous, malicious or for failure to state a claim. *Id.* at 674. A dismissal based solely on a finding that the plaintiff previously incurred at least three strikes, without any additional finding that the action is itself frivolous, malicious or fails to state a claim, does not count as an additional strike under § 1915(g). *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016)

**B.     Plaintiff's Strikes and the Imminent Danger Exception**

The Court finds that, prior to this date, plaintiff has had at least three cases dismissed that count as "strikes." The Court takes judicial notice of: (1) *Brown v. Mule Creek State Prison*, et al., No. C 03-02365-GEB-GGH (E.D. Cal. June 13, 2005) (civil rights action dismissed for failure to state a claim); (2) *Brown v. Cal. Dep't. of Corr., et al.*, No. C 05-2067 CW (PR) (N.D. Cal. Jan. 25, 2006) (civil rights action dismissed for failure to state a claim); (3) *Brown v. Salinas Valley State Prison*, No. C 05-2776 CW (PR) (N.D. Cal. Jan. 25, 2006) (civil rights action dismissed for failure to state a claim); and (4) *Brown v. Lee*, No. C. 14-4696 PJH (PR) (N.D. Cal. Dec. 8, 2014) (civil rights action dismissed for failure to state a claim).

In light of these dismissals, and because it does not appear that Plaintiff was under imminent danger of serious physical injury when he filed the instant action, Plaintiff is ORDERED TO SHOW CAUSE in writing within **twenty-eight (28)** days of this order, why *in forma pauperis* status should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative, Plaintiff may avoid dismissal by paying the full $400.00

filing fee by the deadline.

## CONCLUSION

Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915(g) or Plaintiff shall pay the full $400.00 filing fee. Failure to respond in accordance with this order will result in dismissal of this action without further notice to Plaintiff.

**IT IS SO ORDERED.**

Dated:  November 30, 2020



JON S. TIGAR
United States District Judge